IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIKEL DREILING,

                   Petitioner,

      v.                                 CASE NO. 08-3117-SAC

STEPHEN N. SIX,

                   Respondent.

**O R D E R**

This matter is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed pro se by a prisoner incarcerated in a Kansas correctional facility.

*District Court Filing Fee*

To proceed in this matter, petitioner is required either to pay the $5.00 district court filing fee, or to seek and obtain leave to proceed in forma pauperis under 28 U.S.C. § 1915. Because petitioner has neither paid the $5.00 filing fee nor submitted a motion to proceed without prepayment of that fee, the court grants petitioner additional time to satisfy one of these two requirements.

*Time Limitation*

In 1996 the Antiterrorism and Effective Death Penalty Act imposed a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The running of that one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2).

Applying these statutes to the dates provided by petitioner in

his application, it is clear on the face the record that this matter is subject to being dismissed as time barred. *See* Day v. McDonough, 547 U.S. 198, 209 (2006)("district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"); Kilgore v. Attorney General of Colorado, 519 F.3d 1084, 1089 (10th Cir. 2008)(*sua sponte* dismissal of a § 2254 petition is allowed if untimeliness is "clear from the face of the petition itself").

Petitioner's conviction became final on March 31, 2003, when the United States Supreme Court denied petitioner's application for a writ of certiorari in petitioner's direct appeal. *See* Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)("direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period in which a petitioner seeks a writ of certiorari from United States Supreme Court). At that time, petitioner had one year to seek habeas corpus relief in the federal courts, 28 U.S.C. § 2244(d)(1)(A), or to toll the running of that one year limitation period by pursuing post-conviction relief in the state courts, 28 U.S.C. § 2244(d)(2).

In a motion submitted with petitioner's habeas application, petitioner states he filed a motion for post-conviction relief under K.S.A. 60-1507 in the state courts on March 24, 2007. This state court filing tolled the running of the § 2244(d)(1) limitation period with seven days remaining in that statutory one year period.[1] The § 2244(d)(1) limitation period resumed running when petitioner's post-conviction action became final on April 23, 2008, but

---

[1] Petitioner states that fourteen days remained in the § 2244(d)(1) limitation period, but that calculation is not supported by petitioner's pleadings.

petitioner did not file the instant petition within the seven days remaining in that limitation period.[2]

Thus on the face of the record it appears petitioner did not file the instant habeas application within the one year provided under 28 U.S.C. § 2244(d)(1) and (2), and no "rare and exceptional" circumstances are apparent that would warrant equitable tolling of the limitation period in this case. *See* Garcia v. Shanks, 351 F.3d 468, 473 n. 2 (10th Cir. 2003)(equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control")(internal quotations omitted).

Accordingly, petitioner is directed to show cause why the petition should not be dismissed as time barred. *See* Day, 547 U.S. at 209-11 (district courts are permitted to sua sponte consider the timeliness of a state prisoner's habeas petition, but must accord the petitioner fair notice and an opportunity to present his position).

IT IS THEREFORE ORDERED that petitioner is granted thirty (30)

---

[2] Petitioner's habeas application was received by the court and docketed on May 9, 2008. Because petitioner proceeds pro se, he is entitled to application of the "prisoner mailbox rule" whereby his petition is deemed filed the date he deposited his pleading in the prison mail. *See* Houston v. Lack, 487 U.S. 266, 270 (1988)(pro se prisoner's notice of appeal deemed filed when delivered to prison authorities for forwarding to district court); Marsh v. Soares, 223 F.3d 1217, 1218 n. 1 (10th Cir. 2000)(Houston mailbox rule extended to a prisoner's filing of a habeas petition under 28 U.S.C. § 2254). Petitioner's habeas application is not dated, and does not include any statement regarding the date he mailed it from the prison. The cover letter petitioner submitted with his application, however, is dated May 6, 2008. *See* id.("Liberal application of the mailbox rule causes us to treat the petition as placed in the hands of prison authorities [for mailing] on the same day it was signed." (citation omitted)).

days to either pay the $5.00 district court filing fee, or to file an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that petitioner is granted thirty (30) days to show cause why the petition should not be dismissed as time barred.

The clerk's office is to provide petitioner with a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 23rd day of May 2008 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge